# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## STIPULATION OF TERMS RELATED TO DEFENDANTS, SANOFI AND AVENTIS PHARMA S.A.

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs in this MDL ("Plaintiffs"), through the Plaintiffs' Steering Committee ("PSC"), and Defendants, Sanofi S.A., Aventis Pharma S.A., Sanofi-Aventis U.S. LLC, and Sanofi US Services Inc., through their undersigned counsel ("Defense Counsel"), that the following terms shall apply to all cases in this MDL:

1. Sanofi S.A. and Aventis Pharma S.A. ("French Defendants") are dismissed without prejudice and agree to tolling of any statute of limitations beginning from the date of dismissal. Any statute of limitations defense that existed as of the filing dates of the original complaints naming the French Defendants shall be preserved. Plaintiffs may rename the French Defendants at any time. In such case, Defense Counsel will accept service on behalf of the French Defendants, without the need to engage in the formal service of process, and the French Defendants will answer or otherwise respond within twenty (20) days.

2. Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. ("Defendants") will include foreign sources and locations when responding to discovery propounded by the Plaintiffs' Steering Committee ("PSC"), and will not object to discovery based on the dismissal of the French

Defendants. Objections to discovery from such sources may include those objections available under the Federal Rules; however, dismissal of the French Defendants (i.e., their status as a "non-party") shall not be a factor when evaluating Defendants' proportionality objections to discovery. Defendants agree to cooperate in good faith to respond to discovery and produce documents, information and witnesses, and to do so in a timely fashion.

3. All documents produced from such sources are subject to the rebuttable presumption of authenticity set forth in Case Management Order No. 5 ("CMO 5") (General Discovery Protocol – Sanofi Defendants) (Rec. Doc. 762).

4. Nothing in this Stipulation obligates Defendants to violate the laws of any country; however, Defendants will agree to cooperate with the service and the production of discovery and witnesses, and will not require discovery to proceed through The Hague Evidence Convention, nor will Defendants object to discovery on the basis of the French Blocking Statute or the any foreign data protection acts, including the French Data Protection Act. In the event the Plaintiffs rename the French Defendants, the Defendants agree to waive, and will not raise, any objections based on foreign blocking statutes or foreign data protection laws.

5. Depositions of current or former French Defendant employees shall be conducted subject to CMO 5 and the Deposition Protocol to be entered by the parties. Defendants agree to produce current employees of the French Defendants, and without regard as to which corporate entities by which they are employed. Defendants agree to produce these witnesses for deposition in either the USA or Europe. The deposition location will be selected at the sole discretion and preference of the witness. The selection of such

employees for deposition will be determined after good faith meet and confers between the parties on the witnesses' materiality and availability. Defendants cannot guarantee control of former employees, but will not preclude Plaintiffs' effort to depose former employees on this basis; and Defendants will assist in determining their location and contacting the witness, to the extent possible. Plaintiffs may use up to 6 of their 30 depositions provided for in CMO 5 on depositions of current or former employees of the French Defendants. Plaintiffs may conduct these depositions pursuant to FRCP, Rule 30(b)(6). The parties agree to meet and confer in good faith on any request for additional depositions. For good cause shown, the Plaintiffs may request additional depositions and Defendants may object, subject to a ruling by the Court.

6. Defendants shall not object to the admissibility of any evidence or argument at trial on the basis of the dismissal of the French Defendants or on the basis that documents came from foreign sources.

7. For purposes of the Eastern District of Louisiana bellwether trials, Defendants stipulate that they are a "manufacturer" within the meaning of Louisiana Products Liability Act (or other applicable state product liability statute), and Defendants shall not assert that the French Defendants are necessary or proper Defendants for purposes of trial.

8. Defendants are prohibited from moving to preclude references to the French Defendants' or their predecessor entities' participation and role in the development, submission for approval, and commercialization of Taxotere, during preliminary proceedings and trial.

9. Defendants shall provide written attestation that remaining Defendants are adequately capitalized to fund a judgment or settlement.

10. French Defendants shall withdraw their Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 346).

11. Plaintiffs shall withdraw their Motion to Compel (Rec. Doc. 626) further responses to the jurisdictional discovery.

12. Plaintiffs shall withdraw the Rule 30(b)(6) Deposition Notice re jurisdictional discovery.

13. Defendants shall withdraw the Motion for Protective Order based on the French Impediments (Rec. Doc. 542).

14. This Stipulation shall apply to all cases filed, transferred or pending in the MDL.

15. Plaintiffs' MDL leadership must use its best efforts to coordinate with and have the terms of this Stipulation applied in any state court litigation if possible.

16. Defendants agree to cooperate in moving discovery forward and the Plaintiffs agree to reasonably limit their discovery.

17. Defendants shall withdraw the Motion for Disclosure of Non-Party Interested Entities or Persons (Rec. Doc. 559).

Dated: November 3, 2017                                    Respectfully submitted,

FOR THE PLAINTIFFS' STEERING COMMITTEE:

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| **PENDLEY, BAUDIN & COFFIN, L.L.P.** | **GIBBS LAW GROUP LLP** |
| 1515 Poydras Street, Suite 1400 | 400 Continental Boulevard, 6th Floor |
| New Orleans, LA 70112 | El Segundo, CA 90245 |
| Phone: 504-355-0086 | Telephone: 510-350-9700 |
| Fax: 504-523-0699 | Facsimile: 510-350-9701 |
| ccoffin@pbclawfirm.com | kbm@classlawgroup.com |
| | |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |

4

FOR THE SANOFI DEFENDANTS:

/s/ Jon Strongman
Jon Strongman (MO Bar No. 53995)
**SHOOK HARDY & BACON**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: jstrongman@shb.com
*Counsel for Defendants, Sanofi S.A.,*
*Aventis Pharma S.A., Sanofi-Aventis*
*U.S. LLC, and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, this 3rd day of November, 2017, I have electronically filed a copy of the above and foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to counsel of record.

/s/ Christopher L. Coffin