# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION

THIS DOCUMENT RELATES TO:          SECTION "N" (5)
ALL CASES

## CASE MANAGEMENT ORDER NO. 9
### (Deposition Protocol)

## I. GENERAL PROVISIONS

### A. Scope of Order

This Order addresses depositions conducted of both fact and expert witnesses ("the witness") in cases presently pending and hereafter included in this MDL as more fully described below. Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court will apply in this proceeding including those regarding the conduct of depositions.

### B. Applicability

This order shall govern the conduct of depositions of all witnesses deposed in the above-captioned matter, including (1) cases directly filed in this Court pursuant to this Court's Direct Filing Order of December 13, 2016, PTO No. 5 (Rec. Doc. 131); (2) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation; (3) any tag-along action subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (4) all related cases originally filed in this Court or transferred or removed to this Court.

1

Counsel are reminded that the Court considers depositions to be official court procedures, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court, as if each was appearing personally before the Court at the time of the deposition. Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the Louisiana Rules of Professional Conduct, the Louisiana Code of Professionalism and all other Orders of the Court. Neither counsel nor the witness shall, at any time, engage in conduct that obstructs, impedes, delays, or frustrates the examination of the witness. All counsel and the witness must be treated with civility and respect.

Counsel will not abuse or indulge in offensive conduct directed to other counsel, parties or the witness. Counsel will abstain from disparaging personal remarks or acrimony toward other counsel, parties or the witness. Counsel will treat adverse witnesses and parties in a professional manner as officers of the Court.

There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during any deposition recess.

**C.     Meet and Confer**

Counsel shall meet and confer in good faith regarding any disputes that may arise with respect to any matter concerning depositions in an effort to resolve the dispute by agreement before presenting them to Magistrate Judge Michael B. North.

Counsel shall attempt to schedule depositions by mutual agreement and agree to consult regarding scheduling matters in a good faith effort to avoid conflicts. Counsel will promptly notify other counsel when depositions are to be canceled and rescheduled.

## II. ATTENDANCE

### A. Who May Be Present

Unless otherwise ordered under Rule 26(c), depositions may be attended only by counsel of record, members of the PSC, members and employees of their firms, attorneys specifically engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel), the witness, counsel for the witness, the parties' expert witness(es), court reporters, and videographers. By agreement or upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.

To minimize travel and related costs, counsel or others permitted to attend the deposition may participate/attend any deposition by telephone or videoconference. Counsel noticing the deposition should facilitate arrangements so that a conference call in line is available during the deposition. Any party wishing to attend by video conference shall be responsible for the cost of setting up the video conference capabilities. Notification of attendance by telephone or video conference shall be provided within five (5) days prior to the deposition by those counsel desiring to do so.

Examining counsel and counsel intending to participate remotely shall cooperate in good faith to facilitate such participation. No deposition shall be delayed or impeded by technical issues related to counsel appearing remotely. All individuals attending remotely shall identify themselves for the record either verbally or by email to the court reporter and

3

counsel for the parties, and the court reporter shall record the name of all individuals listening or attending the deposition remotely for any length of time and include them as being in attendance in the official transcript.

**B.     Unnecessary Attendance**

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

**C.     Examination**

Leadership Counsel for the MDL Plaintiffs shall designate one (1) attorney to serve as the primary examiner of each witness on behalf of the MDL Plaintiffs.  Defendants' Leadership or Liaison Counsel shall designate one primary examiner for each Defendant. Additional examiners on behalf of MDL parties shall not be permitted absent good cause and agreement of the parties.  Once a witness has fully answered a question, the same or substantially the same question shall not be asked again.  Counsel who have individual or divergent positions may examine a witness limited to matters not previously covered.

While a witness is being examined about any document or information that has been designated or stamped as "Confidential" pursuant to a stipulated confidentiality agreement or Protective Order in this case, any persons to whom disclosure is not authorized under such Protective Order shall be excluded during such examination.

**D.     Objections**

Objections must be made by <u>only</u> one attorney for each party as designated on the record at the commencement of the deposition.

**III.          SCHEDULING OF PARTIES' WITNESSES**

### A. Mutual Efforts

Absent extraordinary circumstances, counsel shall consult with opposing counsel in advance of noticing any deposition in an effort to schedule depositions at mutually convenient times and locations.  Counsel will aim to coordinate on deposition scheduling in advance of sending notices of depositions.

Nothing herein shall preclude a party from serving a notice of deposition following a written request for deposition where dates are not provided by opposing counsel or counsel for the proposed deponent within fourteen (14) days of the written request for deposition under this Order and the requesting party has made a good faith attempt to meet and confer.

Each deposition notice shall comply with Rule 30(b).  The deposition notice shall include the name, address, and telephone number of an attorney contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition.  The notice shall clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means.

As a general rule, no individual witness under Rule 30(b)(1) should be deposed in the MDL proceeding more than once.  However, to the extent responsive documents are produced or custodial documents are identified after the deposition of the witness, a supplemental deposition may be requested.  Any subsequent deposition shall be limited to issues arising from supplemental productions or identification of custodial documents.  A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception.  Second depositions shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown.

**B.      Location**

The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the witness, e.g., within 100 miles of the witness's residence, or at such other location as is agreed to by all counsel involved and the witness.  Defendants will make a good faith effort to communicate to former employees that a request for them to appear at a deposition has been made, and will make a good faith effort to produce former employees for depositions.

**C.      Notice of Intent to Attend**

In order to make arrangements for adequate deposition space, Counsel for each party shall confer regarding the expected attendance in advance of the deposition.  Five (5) days prior to the deposition, the noticing party shall provide the number of attendees to counsel representing the deponent.

**D.      Duration of Depositions**

1.      A deposition noticed pursuant to Case Management Order No. 5, General Discovery Protocol – Sanofi Defendants, ¶ 5 (and the equivalent subsection of the General Discovery Protocol to be entered with the 505(b)(2) defendants) will for durational purposes be limited as follows:

For purposes of 30(b)(6) depositions, each designee is subject to a presumptive seven (7) hour time limit of on the record testimony, separately, regardless of how many designees the entity appoints.  The parties agree to meet and confer on the total deposition time permitted in the context of a given 30(b)(6) notice to the extent it requires more than one witness to cover topics that are sufficiently-related.

2.      For purposes of a 30(d)(1) deposition, each deposition is subject to a presumptive

time limit of seven (7) hours of on the record testimony. However, if the deposition is cross-noticed then the deposition noticed under FRCP 30(d)(1) maybe scheduled for up to two seven (7) hour days with the Plaintiff MDL attorneys limited to seven (7) hours of testimony.

The presumptive duration for any deposition may be extended or otherwise altered by agreement or by court order if requested. Additional time may be permitted for state court litigants if the deposition is cross-noticed in such state court action(s). However, if the deposition is cross-noticed, the Plaintiff MDL attorneys' allotment of seven (7) hours of testimony shall not be affected. Absent exigent circumstances, no additional time shall be used by state court litigants to ask unduly duplicative or cumulative questions. Time spent by defending counsel for direct examination of the witness shall not count against the time allotted to questioning counsel. Where a witness is a non-party, and is not a current or former employee, agent, or consultant for a party or a subsidiary or affiliate of a party, the parties shall meet and confer to reach agreement on the division of the available time to depose the witness.

To effectuate an orderly and efficient 30(b)(6) deposition process, 30(b)(6) notices may be crafted on an issue-by-issue basis and depositions may be conducted on multiple and separate days and times by agreement of the parties and subject to the availability of the witness. The parties may disagree on how the numerical limitations on depositions of defendants set forth in Case Management Nos. 5 (¶ 5) and 7 (¶ 5) apply to 30(b)(6) depositions. For example, the parties disagree on whether each 30(b)(6) notice shall count as one deposition. To resolve any such disagreements, the parties shall report at each

discovery status conference as to their position on how each 30(b)(6) notice is counted against the limits set forth in Case Management Nos. 5 (¶ 5) and 7 (¶ 5).

All objections to a 30(b)(6) deposition topic or topics shall be provided within fourteen (14) days after the proposed topics are propounded in a notice. The parties shall meet and confer and endeavor to resolve such objections within seven (7) days of the objections being lodged.

3.      Breaks shall be taken on an as needed basis. No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege. The time limits agreed to by the parties shall be the actual time spent on the record examining the witness. Time spent on breaks or lunch shall not be counted toward the time limits.

4.      In the event that a deposition involves a translator, the deposition shall be extended as reasonably necessary to conduct the examination up to double the amount of time permitted for the deposition, but absent good cause it shall not exceed an additional day of seven (7) hours of testimony, except by agreement of the parties, or by Court Order for good cause.

**E.      Multi Tracking**

Although the parties will try to avoid multi-tracking of depositions (the scheduling of more than one deposition on a single day), multi-tracking of depositions may be necessary considering the date of the trials and the status of discovery. The parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions. To the extent that the parties cannot agree on a proposed schedule for multi-tracking depositions, the parties shall prepare letter briefs to be presented to Magistrate

Judge Michael B. North attaching their separate proposed schedules. The Court will endeavor to promptly resolve the scheduling dispute.

**F.    Postponement**

Once a deposition has been mutually scheduled and noticed, it shall not be taken off the calendar, rescheduled, or relocated less than seven (7) calendar days in advance of the date it is scheduled to occur, except upon agreement between counsel (including counsel for the witness), or by leave of Court for good cause shown.

**G.    Interpreters/Translators**

1.    Where a witness indicates his or her intention to respond to questions in a language other than English, translators will be employed to interpret and translate between the foreign language and English. A translator selected by any party may also attend the deposition for the purpose of verifying the interpretation or translation provided by the other translator. Each translator shall swear under oath or affirm prior to each deposition to provide honest and truthful interpretations and translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the interpretation. Defendants and Plaintiffs will each be responsible for all fees and costs incurred to secure the attendance and services of their respective translators.

2.    Counsel for the witness shall notify the noticing party at least fourteen (14) days in advance of the deposition that the examination will require the involvement of a translator. In the event the noticing party receives such a notice from a third party or his/her counsel, the noticing party shall inform other involved counsel within 24 hours of receiving such notice.

**IV.    NON-PARTY DEPOSITIONS**

9

## A.    Federal Rule Civil Procedure 30(b)(6)

Non-party organizations may be required to provide 30(b)(6) testimony through the issuance of a subpoena for that organization to testify. The subpoena must meet the same requirements as a 30(b)(6) notice. If a non-party 30(b)(6) deposition is intended to include document production, a subpoena *duces tecum* is required to be served in conjunction with the subpoena to testify pursuant to Rule 30(b)(2). Rule 45 governs service of the subpoena to obtain testimony from non-party entities. The non-party can object by sending a letter to Magistrate Judge Michael B. North seeking resolution. A notice of objection is not sufficient to stay the deposition. If the non-party 30(b)(6) notice includes a subpoena *duces tecum*, the notice must allow a fourteen (14) day opportunity for the non-party entity to file written objections as required by Rule 45(d)(2)(B). Once the non-party files written objections, the non-party is not required to produce the documents that are the subject of the filed objection and after conferral, any remaining controversy over the document production will be determined by Magistrate Judge Michael B. North.

Liaison Counsel shall receive documents produced by third parties. Any counsel who receives documents produced by a third party in response to a subpoena *duces tecum* will produce copies of those documents to all Liaison Counsel as soon as possible but no later than three (3) business days after receipt. All counsel who receive documents produced by a third party will use best efforts to produce these documents to all Liaison Counsel by ftp or similar electronic means to avoid the delays involved in sending documents by overnight mail. Counsel transmitting documents to all Liaison Counsel may include a bill for reasonable production and transmission costs to be paid by the receiving

Liaison Counsel, taking into account the form in which the production was received from the third-party.

**B.      Individual Depositions of Non-Party Witnesses**

An officer, director, or managing agent of a non-party corporation, a government official, or other non-party may be deposed with service of a notice of deposition and/or subpoena issued pursuant to the requirements of Rule 30 and 45.  Rule 45 governs service of the subpoena to obtain testimony from non-parties.  The non-party can object by filing a motion to Quash under Rule 45(d)(3) and a party can object by filing a Motion to Quash or for a Protective Order to preclude the discovery.  A notice of objection, without a filed motion, is not sufficient to stay the deposition.  A courtesy copy of this pre-trial order will be attached to the individual non-party service of a notice and/or subpoena.

## V.      OBJECTIONS

1.      Counsel shall comply with Rules 30(c), (d)(1) and (3).  When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

2.      Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. The only objections that can be made are "objection as to form" and privilege.  No other objections shall be made and all other objections are preserved.

3.      Counsel shall refrain from engaging in colloquy during any deposition. The phrase "objection as to form" or similar language as contemplated by Rule 30(c)(2) shall be

sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times.

4.      Counsel shall not make objections or statements that might suggest an answer to a witness.

5.      Private consultations between the witness and his or her attorneys during the actual taking of the deposition are improper and prohibited, except for the purpose of determining (a) whether a privilege exists, (b) whether disclosure of information may violate an Order of the MDL Court or another court, or (c) an issue regarding confidentiality or whether the information sought is subject to an applicable protective order. Unless prohibited by the Court for good cause shown, conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

## VI.    DISPUTES DURING DEPOSITIONS

Disputes between or among the parties must be addressed to the assigned Magistrate Judge, should the parties be unable to resolve the dispute. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge North by telephone at (504-589-7610). If Magistrate Judge North is unavailable, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel

the right to suspend a deposition pursuant to Rule 30(d)(3), file an appropriate letter with Magistrate Judge North, and appear personally before the Court.

## VII. COORDINATION OF STATE COURT ACTIONS

Any deposition in this MDL proceeding may be cross-noticed in any related state court action, which may require reasonable coordination between the MDL parties and parties in related state court litigation. In coordinating such efforts, the MDL parties shall seek to (1) limit witnesses to a single deposition within the limits set forth in this Order; and (2) streamline examination of the witness to avoid duplicative or cumulative questioning. Plaintiffs' and Defendants' Liaison Counsel shall make best efforts to ensure that deposition notices of current and/or former employees of Defendants, as well as 30(b)(6) witnesses, are transmitted to plaintiffs' counsel in all related state court actions identified by Defendants pursuant to Pretrial Order No. 8 (Rec. Doc. 156). To the extent practicable, the parties shall endeavor to allow for full participation by all jurisdictions in each deposition consistent with paragraph III.D.2, *supra*, and to the extent such participation is not duplicative or cumulative of prior questioning of the witness.

If a deposition originally noticed in this MDL proceeding has been cross-noticed in a state court action, then a party in this MDL may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown. Any disputes among the parties in this MDL regarding subsequent depositions shall be resolved, and good cause determined by the MDL Court, including Magistrate Judge North. Any subsequent deposition may be restricted by stipulation of the parties or as permitted by the Court.

The MDL parties shall encourage the entry of substantively similar deposition protocols in any related state proceedings.

## VIII.  DOCUMENTS USED IN CONNECTION WITH DEPOSITIONS

### A.  Use of Exhibits

All documents produced and used as deposition exhibits should be identified by referring to the unique alpha-numeric identifiers (i.e., Bates stamped numbers) appearing on the documents.  In the case of documents which have not yet received production numbering at the time of the deposition, the parties shall agree on a numbering method.  Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document.  The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition. All documents used at depositions must be marked in accordance with the Protective Order and this Order.

### B.  Copies

Extra copies of documents about which deposing counsel expects to examine a witness must be provided to primary counsel for the parties and the witness during the course of the deposition.

### C.  Translation of Documents

Objections as to the accuracy of translations shall be reserved unless a stipulation is reached by the parties in advance of the deposition.  There shall be no electronic translation done for documents in a foreign language used in any manner in this case.

## IX.  MEANS OF RECORDING

A.     **Stenographic Recording**

A certified court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities.  The court reporter shall administer the oath or affirmation to the witness.  A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Rule 30(e) addressing filing, retention, certification and the like.  To the extent any counsel requires real-time video and/or text feed, that counsel is responsible for setting up and paying for the cost of that additional feature.

B.     **Video Depositions**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Rule 30(b)(3) subject to the following rules:

1.     <u>Video Operator</u>.  The operator(s) of the video recording equipment shall be subject to all applicable provisions of Rule 28.  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2.     <u>Position of the Witness</u>.  Unless physically incapacitated, the witness shall be seated at a table, except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the witness.  Only the witness and any exhibits or

demonstrative aids used in the examination will be video recorded. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the witness.

3.     <u>Filing</u>. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and forward a true copy of the videotape, the transcript, and certificate with Plaintiffs' and Defendants' Liaison Counsel at a reasonable cost to each party.

4.     <u>Technical Data</u>. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

## C.    Telephone Depositions

By indicating in its notice of deposition that a party wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Rule 30(b)(4). Unless an objection is filed and served within seven (7) calendar days after such notice is received, the objection is waived. Other parties may examine the witness telephonically or in person in accord with this Order and any Order of the Court. However, all persons present with the witness shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the witness. The court reporter shall be in the same room with the witness.

## X.    CORRECTING AND SIGNING DEPOSITIONS

Unless waived by the witness, the transcript of a deposition shall be submitted to the witness for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition.  The time allowed for correcting and signing the transcript shall be extended to forty-five (45) days for those witnesses who responded in a language other than English.  If no corrections are made during this time, the transcript will be presumed accurate.

New Orleans, Louisiana, this 14th day of   November   2017.

_____
Michael B. North
United States Magistrate Judge