# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Elizabeth Kahn, No. 16-17039 | ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment on Warnings Causation (Doc. 9300). The Court held oral argument on the Motion on March 11, 2020. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In the instant Motion, Defendants argue that Plaintiff Elizabeth Kahn cannot establish the essential element of causation for her claims. Defendants further argue that Plaintiff cannot prove the elements of her redhibition claim. Defendants therefore ask the Court to grant summary judgment in their favor.

---

[1] Docetaxel is the generic version of Taxotere.

## LEGAL STANDARD

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] When considering a summary judgment motion, the Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor.[4]

## LAW AND ANALYSIS

### I. Failure to Warn Claim

Defendants argue that even if Plaintiff's prescribing physician, Dr. Carl Kardinal, had known of the risk of permanent alopecia associated with Taxotere, this would not have changed his decision to prescribe Taxotere. Defendants point to unclear testimony from Dr. Kardinal and interpret him to say that he would not have prescribed an alternative regimen to Plaintiff Kahn. Defendants further aver that even if Kahn had been administered a non-Taxotere regimen, she still may have experienced incomplete hair regrowth as she did with Taxotere. According to Defendants, Kahn cannot prove that she would not have suffered permanent hair loss "but for" Taxotere. Lastly, Defendants argue that because Dr. Kardinal only read the Taxotere label once

---

[2] FED. R. CIV. P. 56.
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000).

2

in the late 1990s, a label change would have had no effect on his prescribing decision for Plaintiff Kahn.

In response, Plaintiff argues that there are issues of fact rendering summary judgment inappropriate here. First, Plaintiff points to an issue of fact regarding whether Dr. Kardinal would have acted differently if Sanofi had warned of a risk of permanent hair loss from Taxotere. Plaintiff avers that both she and Dr. Kardinal believed her hair loss would be temporary. Plaintiff points to another issue of fact regarding how Kahn would have reacted if she had known of the risk of permanent hair loss. Plaintiff avers that had she known of the risk, she would have inquired about her options as she did when she was considering a mastectomy.

Under Louisiana law, failure to warn claims involving prescription drugs are subject to the learned intermediary doctrine.[5] Under the doctrine, the manufacturer of a prescription drug "has no duty to warn the patient, but need only warn the patient's physician."[6] In other words, a manufacturer's duty runs only to the physician—the learned intermediary.[7]

The Fifth Circuit has held that there is a two-prong test governing inadequate warning claims under the Louisiana Products Liability Act (LPLA) when the learned intermediary doctrine is applicable:

> First, the plaintiff must show that the defendant failed to warn (or inadequately warned) the physician of a risk associated with the product that was not otherwise known to the physician. Second, the plaintiff must show that this failure to warn the physician was

---

[5] Grenier v. Med. Eng'g Corp., 99 F. Supp. 2d 759, 765 (W.D. La. 2000) (applying Louisiana law), *aff'd*, 243 F.3d 200 (5th Cir. 2001).
[6] Willett v. Baxter Intern., Inc., 929 F.2d 1094, 1098 (5th Cir. 1991).
[7] *Grenier*, 99 F. Supp. 2d at 766.

>both a cause in fact and the proximate cause of the plaintiff's injury.[8]

Regarding the second prong, the law is well established that, to prove causation, "the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e. that but for the inadequate warning, the treating physician would not have used or prescribed the product."[9]

As the Court has discussed in prior rulings, the chemotherapy decision-making process is unique. The Court must consider not only whether an oncologist would have warned his or her patient of the risk of permanent alopecia but also how patient choice then would have steered the conversation and the ultimate prescribing decision.

This Court finds that there are issues of fact regarding whether a label change would have affected Dr. Kardinal's prescribing decision. Although Dr. Kardinal testified that he only read the label once, his testimony indicates that he sometimes reviewed or referred back to drug labels.[10] Dr. Kardinal also demonstrated a general knowledge of drug labels in his testimony, saying he was unaware of any chemotherapy label that warns of permanent alopecia.[11] He further testified that if the Taxotere label had warned of permanent alopecia, he would have raised this in his discussion with Kahn.[12]

In addition to this, Dr. Kardinal testified that if a patient told him that she did not wish to take Taxotere after learning of its risk, Dr. Kardinal would have discussed other options.[13] He testified that paclitaxel is an adequate

---

[8] Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 265–66 (5th Cir. 2002) (internal citation omitted).
[9] *Willett*, 929 F.2d at 1099. *See also* Pellegrin v. C.R. Bard, 2018 WL 3046570, at *4 (E.D. La. June 20, 2018).
[10] Doc. 9300-9 (p. 28–29).
[11] Doc. 9422-4 (p. 141).
[12] *Id.* (p. 142).
[13] *Id.* (p. 42–43).

4

alternative to Taxotere in terms of its efficacy.[14] Plaintiff Kahn testified that if she "was told that Taxotere could have caused permanent hair loss, [she] would have asked what [her] other options were."[15] Notably, when Kahn was given options regarding her initial treatment, she chose not to have a mastectomy; instead, she chose to see if chemotherapy would shrink her tumor, which it did, thereby allowing her to have a lumpectomy instead.[16] Considering the evidence, the Court finds that there are fact issues for the jury to decide regarding how the conversation between Plaintiff and her doctor would have gone if they had known of Taxotere's risk.

## II. Redhibition Claim

Defendants argue that they are entitled to summary judgment on Kahn's redhibition claim. Plaintiff does not oppose summary judgment on this claim. Indeed, the Court finds summary judgment appropriate.

Article 2520 of the Louisiana Civil Code provides that a defect is redhibitory if it "renders the thing useless" or renders its use "so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect."[17] If a defect does not render the thing totally useless, it may still be redhibitory if the defect "diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price."[18] To determine whether a defect is redhibitory, a court asks whether a reasonable person would still have purchased the thing if he had known of the

---

[14] *Id.*
[15] Doc. 9300-7 (p. 302).
[16] *Id.* (p. 158–59).
[17] LA. CIV. CODE art. 2520.
[18] *Id.*

5

defect.[19] "It is of no moment that the plaintiff buyer who files suit to rescind a sale testifies that he would not have purchased the thing if he would have known of the vice."[20]

Plaintiff Kahn took Taxotere to increase her chances of survival. Given that she is alive today, Taxotere worked and was far from being "useless." Indeed, doctors still prescribe Taxotere today, as this Court noted in its prior ruling on redhibition claims.[21] Because Taxotere is demonstrably effective and worked as intended, Plaintiffs cannot establish a redhibitory defect.[22]

## CONCLUSION

Accordingly, for the foregoing reasons, the Motion for Summary Judgment on Warnings Causation (Doc. 9300) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's redhibition claim is **DISMISSED WITH PREJUDICE**. Her other claims remain pending.

New Orleans, Louisiana this 7th day of April, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[19] Napoli v. Gully, 509 So. 2d 798, 799 (La. App. 1st Cir. 1987).
[20] *Id.*
[21] Doc. 7571.
[22] *E.g.*, *In re* Rezulin Prods. Liab. Litig., 361 F.Supp.2d 268, 280 (S.D.N.Y. 2005) (granting defendant summary judgment in MDL case applying Louisiana law where plaintiffs could not demonstrate a redhibitory defect in a prescription medication because the drug was effective in treating the condition it was designed to treat).

6