UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Cases listed on Exhibit A | ) ) | |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started After December 11, 2015 (Doc. 9268). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

The instant Motion relates to nearly 200 cases. Defendants' Motion is rooted in the fact that in December 2015, the Taxotere label was updated to specifically warn of the risk of permanent alopecia. Defendants ask the Court to grant summary judgment against these hundreds of Plaintiffs because they were treated with Taxotere after this label change. Defendants argue that

---

[1] Docetaxel is the generic version of Taxotere.

these Plaintiffs cannot prove an essential element of their failure to warn claims. Alternatively, Defendants argue that their claims are preempted.

## LEGAL STANDARD

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[4] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[5]

## LAW AND ANALYSIS

Defendants first argue that the Plaintiffs at issue cannot create a genuine dispute of material fact on an essential element of their claims. Specifically, Defendants aver that Plaintiffs cannot demonstrate that the Taxotere label, after the December 2015 update, was inadequate. Instead, Defendants contend that the updated Taxotere label was adequate as a matter of law. Indeed, the label made several references to permanent hair loss, which is the very injury of which Plaintiffs allege they were not warned. These

---

[2] Fed. R. Civ. P. 56.
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[5] *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

2

references were in three sections of the Taxotere label: the "Adverse Reactions" section, the "Patient Counseling Information" section, and the "Patient Leaflet."

In response, Plaintiffs do not dispute that the December 2015 label addressed the risk of permanent hair loss in these three sections. Plaintiffs argue, however, that the label was nonetheless inadequate because there was no mention of permanent alopecia in the "Warnings and Precautions" section of the label. Notably, Plaintiffs ask the Court to ignore certain testimony from one of their experts, Dr. David Kessler. Dr. Kessler has repeatedly testified (in cases of individual Plaintiffs who received Taxotere before December 2015) that the risk of permanent alopecia should be addressed in either the "Warnings and Precautions" section or the "Adverse Reactions" section of the label. According to Plaintiffs, however, this testimony from Dr. Kessler was case specific and did not contemplate MDL Plaintiffs who were treated after December 2015. Plaintiffs further aver that because none of the roughly 200 Plaintiffs before the Court have been selected as bellwether Plaintiffs, no expert has opined on the adequacy of the label after December 2015.

"It is axiomatic that an essential element of a failure to warn claim is a defendant's failure to adequately warn about the alleged risks associated with its product."[6] In prescription drug cases like this one, the learned intermediary doctrine modifies the adequacy analysis. Under this doctrine, "adequacy in the context of prescription drugs is a function of whether the doctor, rather than the patient, would reasonably understand the risks."[7]

---

[6] In re Foxamax (Alendronate Sodium) Prods. Liab. Litig., No. 12-cv-492, 08-08, 2014 WL 2738224, at *8 (D.N.J. June 17, 2014).
[7] Meridia Prods. Liab. Litig. v. Abbott Labs, 447 F. 3d 861, 867 (6th Cir. 2006).

3

In the MDL context, transferee courts have issued omnibus orders finding a drug label adequate as a matter of law.[8] For example, in *In re Fosamax (Alendronate Sodium) Products Liability Litigation*, an MDL court held that a drug label was adequate where it was accurate, clear, consistent, and "as a whole convey[ed] an unmistakable meaning as to the consequences of ingesting [the drug]."[9] Considering the evidence in the instant cases before this Court, the Court finds that the Taxotere label after December 2015 was adequate as a matter of law.

As Defendants note, the Taxotere label at issue here clearly and consistently explained that the drug carried a risk of permanent hair loss. In the "Adverse Reactions" section of the drug, the label stated that "[c]ases of permanent alopecia have been reported."[10] In the "Patient Counseling Information" section, the label instructed doctors to "[e]xplain to patients that side effects such as nausea, vomiting, diarrhea, constipation, fatigue, excessive tearing, infusion site reactions, and hair loss (cases of permanent hair loss have been reported) are associated with docetaxel administration."[11] Lastly, the "Patient Leaflet," which is intended for patients, provided a list of the most common side effects of Taxotere, and this list included the following item: "hair loss: in most cases normal hair growth should return. In some cases (frequency not known) permanent hair loss has been observed."[12] Because the label clearly

---

[8] *Id.* (affirming district court's order in MDL that found drug label adequately warned of drug's risk of high blood pressure as a matter of law); In re Chantix (Varenicline) Prods. Liab. Litig., 881 F. Supp. 2d 1333, 1343 (N.D. Ala. 2012) (holding drug label, after certain updates, adequately warned of risk of neuropsychiatric injuries as a matter of law).
[9] 2014 Wl 2738224, at *11 (D.N.J. June 17, 2014).
[10] Doc. 9268-2 at 9.
[11] *Id.*
[12] *Id.* at 10.

4

and consistently warned of the precise injury Plaintiffs suffered, the Court finds that the label was adequate.[13]

To defeat summary judgment, Plaintiffs would need to show expert evidence creating an issue of fact on the adequacy of Taxotere's warning.[14] Plaintiffs have failed to do so. Plaintiffs aver that the language about permanent hair loss should have been included in the "Warnings and Precautions" section of the label, but Plaintiffs present no evidence to support this notion. Indeed, Plaintiffs' own expert, Dr. Kessler, testified as follows:

> My opinion is that it should have been clearly and – the company should have clearly and prominently warned. I think, in the end, there are different sections of the label. I'm happy to discuss that. There is a warning section. It's called Section 5. There is an adverse event section called Section 6. I think in either section, as long as it was clearly and prominently warned of permanent hair loss, that's what I care about.[15]

---

[13] Yates v. Ortho-McNeil-Janssen Pharm., Inc., 808 F.3d 281, 290 (6th Cir. 2015) ("[P]rescription medicine warnings are adequate when . . . information regarding 'the precise malady incurred' was communicated in the prescribing information.") (quoting Alston v. Caraco Pharm., Inc., 670 F. Supp. 2d 279, 284 (S.D.N.Y. 2009)); Kling v. Key Pharm., Inc., 35 F.3d 556 (Table), at *3 (4th Cir. 1994) (upholding district court ruling that label was adequate as a matter of law where "[t]he precise harm alleged to be suffered by [plaintiff], a seizure, was clearly listed as a potential side effect of taking [the drug]"). See also Ziliak v. AstraZeneca LP, 324 F.3d 518, 521 (7th Cir. 2003) (upholding district court ruling that updated label was adequate as a matter of law where plaintiff's injuries were specifically listed as adverse side effects).

[14] See Colville v. Pharmacia & Upjohn Co., LLC, 565 F. Supp. 2d 1314, 1321 (N.D. Fla. 2008) (finding warning adequate as a matter of law and explaining that plaintiff lacked expert evidence on the issue); Benedict v. Zimmer, Inc., 405 F. Supp. 2d 1026, 1033 (N.D. Iowa 2005) ("[T]o show the device was defective because of inadequate instructions or warnings requires expert testimony."). See also Ziliak, 324 F.3d at 521. In Ziliak, the Seventh Circuit affirmed the district court's grant of summary judgment on the adequacy of a drug label. Id. The district court had found that the plaintiff's expert had not sufficiently established his expertise. Id at 520. The court wrote, however, that even if his expert testimony was considered, he failed to create an issue of fact on the adequacy of the warning but instead advocated for a label that was consistent with the language in the label. Id. The Seventh Circuit agreed. Id. at 521.

[15] Doc. 9268-2 at 14 (quoting transcript).

5

Unsurprisingly, Plaintiffs now back away from this opinion. They aver that it is case specific and should not be considered along with the instant Motion. However, Plaintiffs have come forward with no other evidence. They claim that no expert has opined on post-2015 cases because there are no bellwether Plaintiffs who received treatment after December 2015.

The Court will not allow Plaintiffs to shield these nearly 200 cases from dismissal under this logic. For months now, the parties and this Court have discussed the filing of this "fencepost" (or omnibus) motion. The parties agreed on the briefing schedule. Most striking, however, is that Plaintiffs' expert testimony regarding placement of the alopecia warning is solely in the possession of the Plaintiffs. Plaintiffs had ample time and opportunity to identify and present expert evidence supporting their argument that permanent hair loss should have been addressed in the "Warnings and Precautions" section of the label. Yet Plaintiffs failed to do so. Accordingly, summary judgment is appropriate.

Because the Court is granting summary judgment due to Plaintiffs' lack of evidence on the adequacy of the Taxotere label, the Court sees no need to address Defendants' preemption argument.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started After December 11, 2015 (Doc. 9268) is **GRANTED**. The failure to warn claims of the Plaintiffs listed on Exhibit 1 of the Motion are **DISMISSED WITH PREJUDICE**. Any other claims these Plaintiffs have remain pending. Liaison counsel should

6

provide the Court with a list of any cases that have no claims remaining and should be dismissed as a result of this ruling;

**IT IS FURTHER ORDERED** that the remaining argument in the Motion for Summary Judgment (Doc. 6186) is **DISMISSED AS MOOT**.

New Orleans, Louisiana this 27th day of May, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| PETRIE | 2:18-cv-13643 | 12/15/2015 |
| ROLAND | 2:17-cv-16041 | 12/16/2015 |
| HENRY | 2:17-cv-12780 | 12/17/2015 |
| JACKSON BIREE | 2:19-cv-13256 | 12/18/2015 |
| PAPAJOHN | 2:17-cv-16380 | 12/21/2015 |
| WHITE | 2:18-cv-11593 | 12/21/2015 |
| FLOWERS | 2:18-cv-12439 | 12/22/2015 |
| CHAVEZ | 2:17-cv-07497 | 12/28/2015 |
| MATSUMURA | 2:17-cv-09533 | 12/28/2015 |
| CHASE | 2:18-cv-12941 | 12/29/2015 |
| BERNHARD | 2:19-cv-13649 | 12/30/2015 |
| COZZA | 2:18-cv-03442 | 12/30/2015 |
| SCOTT | 2:16-cv-15472 | 01/5/2016 |
| SCRUGGS | 2:18-cv-08227 | 01/5/2016 |
| ALLBRITTON | 2:18-cv-06530 | 01/6/2016 |
| BEERMAN | 2:18-cv-01879 | 01/7/2016 |
| MCGAHEY | 2:19-cv-11467 | 01/7/2016 |
| WRIGHT | 2:17-cv-14420 | 01/7/2016 |
| JONES | 2:18-cv-12850 | 01/8/2016 |
| WATKINS | 2:18-cv-06462 | 01/8/2016 |
| FEEHERTY | 2:19-cv-09670 | 01/11/2016 |
| VELASQUEZ | 2:18-cv-07208 | 01/12/2016 |
| REECE | 2:18-cv-13515 | 01/15/2016 |
| TICEY | 2:17-cv-15859 | 01/18/2016 |
| HIGHT | 2:18-cv-01854 | 01/21/2016 |
| RANKINS | 2:17-cv-14999 | 01/25/2016 |
| NANNEY | 2:19-cv-09538 | 01/27/2016 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| SKELTON | 2:18-cv-04810 | 01/27/2016 |
| LEWIS | 2:18-cv-00401 | 01/28/2016 |
| PERRY | 2:18-cv-03417 | 01/28/2016 |
| ALLEN | 2:18-cv-05776 | 01/29/2016 |
| KING | 2:18-cv-12856 | 02/??/2016 |
| MARTIN | 2:17-cv-16355 | 02/??/2016 |
| RANDALL | 2:18-cv-12883 | 02/??/2016 |
| ROBSON | 2:18-cv-06695 | 02/??/2016 |
| MITCHELL | 2:18-cv-10906 | 02/2/2016 |
| USHER WILLIAMS | 2:17-cv-11194 | 02/4/2016 |
| PIERRE CANEL | 2:18-cv-02818 | 02/5/2016 |
| MILLER | 2:18-cv-11729 | 02/12/2016 |
| WOZNY | 2:18-cv-07202 | 02/15/2016 |
| CADIERE | 2:18-cv-06171 | 02/17/2016 |
| PETTIS | 2:19-cv-09443 | 02/18/2016 |
| CUNNINGHAM | 2:19-cv-11930 | 02/23/2016 |
| MASSIE | 2:18-cv-10110 | 02/23/2016 |
| GROVES | 2:17-cv-15595 | 02/25/2016 |
| IEROKOMOS | 2:18-cv-14249 | 02/26/2016 |
| JONES | 2:18-cv-01662 | 02/26/2016 |
| ROBINSON | 2:17-cv-13918 | 02/28/2016 |
| COWAN | 2:17-cv-12540 | 02/29/2016 |
| MCGAUGHEY | 2:17-cv-15967 | 03/??/2016 |
| JOHNSON | 2:17-cv-11214 | 03/6/2016 |
| BAFFO | 2:18-cv-11311 | 03/7/2016 |
| BLUMLO | 2:16-cv-17972 | 03/8/2016 |
| CONE | 2:19-cv-01898 | 03/9/2016 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| TOLAN | 2:18-cv-03946 | 03/10/2016 |
| WEST | 2:19-cv-14084 | 03/14/2016 |
| STOOPS | 2:17-cv-13921 | 03/15/2016 |
| MAJOR | 2:19-cv-12303 | 03/17/2016 |
| CHAGAS | 2:20-cv-00022 | 03/23/2016 |
| SCHULTZ | 2:18-cv-00498 | 03/25/2016 |
| FLOYD MOTTER | 2:18-cv-02109 | 03/28/2016 |
| HUGHES | 2:19-cv-01903 | 03/31/2016 |
| GILMORE | 2:19-cv-01900 | 04/5/2016 |
| DYER | 2:19-cv-00730 | 04/6/2016 |
| LENCREROT | 2:19-cv-00365 | 04/6/2016 |
| FREEMAN | 2:18-cv-05554 | 04/8/2016 |
| NEWMAN PARKER | 2:18-cv-10882 | 04/12/2016 |
| HEGENBART | 2:18-cv-09084 | 04/14/2016 |
| BENIGNO | 2:18-cv-10566 | 04/19/2016 |
| LOPES | 2:17-cv-14143 | 04/19/2016 |
| WILLIAMS | 2:18-cv-13268 | 04/21/2016 |
| CURLEYMORABITO | 2:18-cv-05986 | 04/22/2016 |
| HOLMES | 2:18-cv-06700 | 05/1/2016 |
| MINOR | 2:19-cv-00037 | 05/??/2016 |
| BAILEY | 2:17-cv-13942 | 05/2/2016 |
| JONES | 2:18-cv-14329 | 05/3/2016 |
| CAULKER | 2:17-cv-17150 | 05/6/2016 |
| PROCTOR | 2:17-cv-16662 | 05/6/2016 |
| WEST | 2:19-cv-11271 | 05/6/2016 |
| MCMULLEN | 2:17-cv-17056 | 05/11/2016 |
| DENBY | 2:18-cv-07609 | 05/12/2016 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| SINGER | 2:19-cv-12536 | 05/13/2016 |
| CASTLE | 2:19-cv-10055 | 05/19/2016 |
| WOMACK | 2:17-cv-15744 | 05/23/2016 |
| BERRY | 2:18-cv-06173 | 05/24/2016 |
| ROBERTSON | 2:18-cv-06092 | 05/26/2016 |
| WARREN | 2:18-cv-13070 | 05/26/2016 |
| SHADLE | 2:18-cv-03292 | 05/27/2016 |
| JOHNSON | 2:17-cv-12544 | 05/31/2016 |
| HORNE | 2:18-cv-04434 | 06/2/2016 |
| PRZEKURAT | 2:18-cv-12913 | 06/2/2016 |
| BLACKMON | 2:19-cv-09973 | 06/3/2016 |
| ROCHA | 2:18-cv-11723 | 06/9/2016 |
| SMITH | 2:18-cv-05556 | 06/9/2016 |
| JONES | 2:18-cv-04465 | 06/14/2016 |
| WILLIAMS | 2:19-cv-11947 | 06/14/2016 |
| WEEKS | 2:17-cv-15119 | 06/15/2016 |
| HUTCHINSON | 2:18-cv-11496 | 06/16/2016 |
| IRVING | 2:18-cv-07846 | 06/22/2016 |
| SIMPSON | 2:17-cv-15575 | 06/22/2016 |
| MCCULLUM | 2:18-cv-06177 | 06/27/2016 |
| ADKINS | 2:18-cv-12307 | 07/8/2016 |
| MARTIN | 2:18-cv-13104 | 07/11/2016 |
| WILLIAMS | 2:18-cv-02391 | 07/13/2016 |
| WINGATE | 2:18-cv-10321 | 07/13/2016 |
| WHITEHEAD | 2:19-cv-12878 | 07/20/2016 |
| RHEA | 2:17-cv-15421 | 07/21/2016 |
| MATTHEWS | 2:17-cv-17055 | 07/25/2016 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| SMITH | 2:19-cv-12040 | 07/28/2016 |
| SANTIAGO | 2:17-cv-09131 | 07/29/2016 |
| DAVIS | 2:17-cv-16280 | 08/??/2016 |
| GHOLAR | 2:18-cv-00502 | 08/??/2016 |
| ARROYO | 2:19-cv-07567 | 08/2/2016 |
| KINSLER | 2:19-cv-10627 | 08/2/2016 |
| NICHOLS | 2:17-cv-15204 | 08/4/2016 |
| FERNANDEZ | 2:18-cv-08114 | 08/11/2016 |
| SMITH | 2:18-cv-13890 | 08/11/2016 |
| BURNS | 2:19-cv-11973 | 08/12/2016 |
| KIMBRELL | 2:18-cv-12329 | 08/17/2016 |
| PRZESTRZELSKI | 2:19-cv-01176 | 08/18/2016 |
| MILTON | 2:18-cv-05997 | 08/19/2016 |
| CREWS | 2:17-cv-10525 | 08/25/2016 |
| GOODMAN | 2:18-cv-07244 | 08/26/2016 |
| ANDRES | 2:18-cv-06189 | 08/29/2016 |
| KNIGHT | 2:17-cv-17052 | 08/31/2016 |
| WEAVER | 2:17-cv-15513 | 08/31/2016 |
| ADAMS | 2:17-cv-16210 | 09/??/2016 |
| KIRBY | 2:18-cv-10313 | 09/13/2016 |
| GILMORE | 2:18-cv-05273 | 09/14/2016 |
| BROWN | 2:19-cv-11980 | 09/20/2016 |
| GREEN | 2:17-cv-13902 | 09/21/2016 |
| BACH | 2:19-cv-12357 | 09/22/2016 |
| MORGAN | 2:18-cv-11822 | 09/22/2016 |
| GLENN | 2:18-cv-13020 | 09/28/2016 |
| MCMILLAN | 2:18-cv-10481 | 09/29/2016 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| BROWN | 2:19-cv-12433 | 10/??/2016 |
| CASTILLE | 2:18-cv-03431 | 10/??/2016 |
| COX | 2:18-cv-12902 | 10/??/2016 |
| PARSONS | 2:19-cv-02174 | 10/3/2016 |
| SYLVE | 2:17-cv-14650 | 10/11/2016 |
| HAYES | 2:18-cv-08308 | 10/12/2016 |
| HENDRICKS | 2:18-cv-07248 | 10/13/2016 |
| SHAW | 2:18-cv-05780 | 10/17/2016 |
| RAGSDALE | 2:19-cv-11266 | 10/24/2016 |
| BLACK | 2:18-cv-02782 | 11/??/2016 |
| SKILLOM | 2:19-cv-11936 | 11/1/2016 |
| WELLS | 2:18-cv-13440 | 11/??/2016 |
| HOFF | 2:19-cv-12700 | 11/8/2016 |
| DUVALL | 2:18-cv-04715 | 11/11/2016 |
| EIDEL | 2:17-cv-06024 | 11/17/2016 |
| BAREFIELD | 2:19-cv-13433 | 11/18/2016 |
| MILLICAN | 2:18-cv-14040 | 11/18/2016 |
| SPADA | 2:19-cv-12775 | 11/29/2016 |
| GOLDSBORO | 2:18-cv-12441 | 12/2/2016 |
| DAVIS | 2:19-cv-12251 | 12/8/2016 |
| SAMPSON | 2:17-cv-15773 | 12/8/2016 |
| HARRIS | 2:19-cv-00504 | 12/9/2016 |
| PASTORKOVICH | 2:18-cv-13186 | 12/15/2016 |
| ZUPKO | 2:18-cv-13465 | 12/19/2016 |
| ROLLE | 2:18-cv-12914 | 01/2/2017 |
| BARKER | 2:17-cv-13272 | 01/3/2017 |
| TOLBERT | 2:18-cv-04463 | 01/9/2017 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| MCINTOSH | 2:18-cv-13176 | 01/13/2017 |
| REEVES | 2:19-cv-12711 | 01/19/2017 |
| SMITH | 2:19-cv-03290 | 01/24/2017 |
| WILLIAMS | 2:18-cv-12464 | 02/7/2017 |
| MOODY BEAUMONT | 2:17-cv-15956 | 02/21/2017 |
| MCNELLEY | 2:18-cv-03612 | 02/24/2017 |
| WILKINS | 2:19-cv-10869 | 03/9/2017 |
| HALL | 2:18-cv-08717 | 03/10/2017 |
| ALSTON | 2:18-cv-06527 | 03/14/2017 |
| DENNIS | 2:18-cv-06154 | 03/14/2017 |
| BRYANT | 2:19-cv-01292 | 03/22/2017 |
| MUGLESTON | 2:19-cv-02205 | 03/27/2017 |
| TUTT | 2:19-cv-01715 | 03/27/2017 |
| FRANKLIN | 2:19-cv-01947 | 03/29/2017 |
| LANDERS | 2:18-cv-08358 | 03/29/2017 |
| BALAAM | 2:18-cv-08761 | 04/6/2017 |
| NELSON | 2:18-cv-08400 | 04/18/2017 |
| SHELTON | 2:19-cv-09977 | 04/18/2017 |
| GREEN | 2:18-cv-06174 | 05/4/2017 |
| ALLEN | 2:19-cv-13477 | 06/29/2017 |
| CARTER | 2:18-cv-07047 | 06/29/2017 |
| MONNIN | 2:18-cv-08006 | 07/7/2017 |
| MACDONALD | 2:18-cv-05994 | 07/11/2017 |
| WAGGONER | 2:19-cv-11423 | 07/14/2017 |
| RIGO | 2:17-cv-09889 | 12/13/2017 |
| VIDAL | 2:19-cv-12539 | 12/26/2017 |
| SMITH | 2:19-cv-11532 | 01/23/2018 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|
| DORSEY | 2:20-cv-00241 | 07/31/2018 |
| MCCOY | 2:18-cv-10424 | 12/??/2015 |
| VAN DEN VRIJOEF | 2:19-cv-01365 | 12/??/2015 |

| Last Name | MDL Docket No. | First Treatment Date |
|---|---|---|