# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | | MDL No. 16-2740 |
| PRODUCTS LIABILITY ) | | |
| LITIGATION ) | | SECTION: "H" (5) |
| ) | | |
| **This document relates to:** ) | | |
| Elizabeth Kahn, 16-17039 ) | | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Causation (Doc. 10936). The Court held oral argument on the Motion on October 7, 2020. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second trial is set for 2021.[2]

In the instant Motion, Plaintiff Elizabeth Kahn, the second bellwether plaintiff, seeks summary judgment on the issue of general causation.

---

[1] Docetaxel is the generic version of Taxotere.
[2] The second trial was continued due to the COVID-19 pandemic.

Specifically, she asks the Court to find that there is no genuine issue of fact on whether Taxotere can cause permanent alopecia. Sanofi opposes the Motion.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8]

---

[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

## LAW AND ANALYSIS

Plaintiff argues that no reasonable jury could conclude that Taxotere is incapable of causing permanent alopecia. Plaintiff emphasizes that in 2015, Sanofi told the FDA that enough evidence existed to support a "causal association" between Taxotere and permanent alopecia. Plaintiff further points to evidence from her expert biostatistician, Dr. David Madigan, who identified a statistically significant association between Taxotere and permanent hair loss. In addition, Plaintiff's experts identified support for the "Bradford Hill" factors. As noted in previous rulings, experts apply these factors to determine whether a true causal relationship underlies a statistical association.[9]

In response, Sanofi emphasizes that in the first bellwether trial, the jury determined that causation had not been established. Sanofi further argues that Plaintiff's expert evidence contains weaknesses and that Sanofi's experts have presented reliable evidence to rebut Plaintiff's contentions.

This Court agrees with Sanofi. As Sanofi notes, the 2015 correspondence between Sanofi and the FDA is not an admission of causation. Included in this correspondence is this statement: "[Sanofi] and FDA concur that the available evidence supports a potential causal association between docetaxel and permanent alopecia and that the label should be updated to alert clinicians and patients to this possibility."[10] This language is far from definitive.

More significantly, however, this Court has denied Plaintiff's Motion to Exclude Testimony of Michael Kopreski.[11] This means that the jury will hear evidence directly contradicting the work of Dr. Madigan. Specifically, in finding a statistically significant association between Taxotere and permanent alopecia, Dr. Madigan relies heavily on the results of the TAX 316 clinical trial;

---

[9] *See* Doc. 8094.
[10] Doc. 11150-4 at 73.
[11] Doc. 11332.

3

Dr. Kopreski, however, will offer the jury a different interpretation of these results.[12] For this reason, the Court finds that there is a genuine issue of material fact on general causation, and a jury will need to resolve this issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment on Causation (Doc. 10936) is **DENIED**.

New Orleans, Louisiana this 18th day of December, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[12] In short, while Dr. Madigan considered 4 percent of the TAX 316 patients to have suffered persistent alopecia from Taxotere, Dr. Kopreski considered only 1 percent of the TAX 316 patients to have suffered persistent alopecia from Taxotere. For a full explanation of TAX 316 and Dr. Kopreski's testimony, see Doc. 11332.

4