# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY ) | |
| LITIGATION ) | SECTION: "H" (5) |
| ) | |
| **This document relates to:** ) | |
| Juanita Greer, No. 18-11728 ) | |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Judgment on the Pleadings Based on the Statute of Limitations (Doc. 11010). The Court held oral argument on the Motion on November 17, 2020. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second trial is set for 2021.[2]

---

[1] Docetaxel is the generic version of Taxotere.
[2] The second trial was continued due to the COVID-19 pandemic.

According to her complaint, Plaintiff Juanita Greer received treatment with Taxotere "[a]pproximately from September 2009 to October 2009."[3] After her treatment, she suffered permanent hair loss.[4] She complained to an oncologist about her hair loss, and she discussed her hair loss with family, friends, and her beautician.[5] In 2018, she filed this lawsuit.[6]

In the instant Motion, Defendants argue that Plaintiff's claims are barred by the Mississippi statute of limitations. Plaintiff opposes the Motion.

## **LEGAL STANDARD**

Rule 12(c) provides that a party may move for judgment on the pleadings after pleadings are closed but early enough not to delay trial.[7] The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[8] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[9] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[10] A court must accept the complaint's factual allegations as true and must "draw

---

[3] Doc. 10668-6 at 5. The Court notes that while Defendants' Motion for Judgment on the Pleadings was pending, the Court ruled on a Motion for Leave to File Amended Short Form Complaints of Bellwether Pool Plaintiffs. In its ruling, the Court granted in part and denied in part Plaintiff Greer's proposed amendments. *See* Doc. 11129 at 8–9. The Court, therefore, will now refer to Plaintiff Greer's allegations as amended.
[4] Doc. 10668-6 at 5.
[5] *Id.* at 6.
[6] 2:18-cv-11728, Doc. 1.
[7] FED. R. CIV. P. 12(c).
[8] Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).
[9] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[10] *Id.*

all reasonable inferences in the plaintiff's favor."[11] A court need not, however, accept as true legal conclusions couched as factual allegations.[12]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[13] The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[14] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[15] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[16]

## LAW AND ANALYSIS

Sanofi argues that this case is time-barred because (1) the face of the complaint shows that Plaintiff did not file suit within three years of sustaining her injury as required under the applicable statute of limitations; and (2) Mississippi law provides no basis to delay the accrual of her claims or toll the statute of limitations under the facts of her case.

### I. The Face of Plaintiff's Complaint

Sanofi avers that Plaintiff sustained her injury six months after she finished her chemotherapy with Taxotere. Sanofi points to the Master Complaint in the MDL, which alleges that all Plaintiffs' hair loss became permanent six months after the completion of chemotherapy. Highlighting the

---

[11] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[12] *Iqbal*, 556 U.S. at 667.
[13] *Id*.
[14] *Lormand*, 565 F.3d at 255–57.
[15] Jones v. Bock, 549 U.S. 199, 215 (2007).
[16] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

3

fact that in her Short Form Complaint, Greer incorporated the Master Complaint by reference, Sanofi avers that the statute of limitations began to run six months after Greer completed chemotherapy.[17] Sanofi posits that because Greer completed chemotherapy in October 2009, the three-year statute of limitations began to run in April 2010. According to Sanofi, when Greer filed her complaint in November 2018, her claims were time-barred.[18]

The parties agree that the applicable statute of limitations for Plaintiff's claims is the general three-year statute of limitations set forth in Mississippi Code Annotated § 15–1–49.[19] Typically, this period begins to run on the day that the injury or damage is sustained.[20] In this case, Plaintiff claims that her injury is permanent chemotherapy-induced alopecia ("PCIA"). The Master Complaint defines PCIA as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[21] On the face of the pleadings, then, Plaintiff sustained her injury in April 2010, six months after she completed her chemotherapy treatment. Unless Plaintiff proves otherwise, this is when the limitations period began to run on her claims.[22]

## II. The "Discovery Rule" and Fraudulent Concealment

In response, Plaintiff Greer invokes (1) the "discovery rule," and (2) fraudulent concealment. The Court begins with the discovery rule. The

---

[17] Doc. 10668-6 at 2.
[18] In her response, Plaintiff does not dispute that her complaint is time-barred on its face. Instead, she focuses on arguing that the statute of limitations should be tolled.
[19] *See* MISS. CODE ANN. § 15–1–49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").
[20] *See* Smith v. General Motors, LLC, Civil Action No. 3:17CV471TSL-RHW, 2017 WL 4582330, at *3 (S.D. Miss. Oct. 13, 2017); Kaufman ex rel. Kaufman v. Robinson Property Group Ltd. Partnership, 331 Fed. App'x 276, 277 (5th Cir. 2008).
[21] Doc. 4407 at ¶ 181.
[22] *See Smith*, 2017 WL 4582330, at *3; *Kaufman*, 331 Fed. App'x at 277; Barnes ex rel. Estate of Barnes v. Koppers, Inc., 534 F.3d 357, 365 (5th Cir. 2008).

4

discovery rule provides that "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."[23]

Plaintiff argues that she suffered a latent injury. She disputes that her hair loss was obvious, as Sanofi contends, and she states that the permanent nature of her hair loss was latent. She avers that for years she reasonably believed her hair would return. She states that "it was not until May 2016 that Ms. Greer even knew chemotherapy could cause permanent hair loss."[24] In response, Sanofi cites the Master Complaint, averring that Plaintiff's injury was so open and obvious that Plaintiffs called it "stigmatizing."[25]

Under Mississippi law, "a latent injury is an injury which is hidden or unseen."[26] The Fifth Circuit has recognized that "'[f]or an injury to be latent it must be undiscoverable by reasonable methods' such as 'through personal observation or experience.'"[27] Mississippi courts have cautioned that a latent injury should be found only in "limited circumstances."[28]

The Court finds that the discovery rule does not apply here. Plaintiff anticipated that her hair loss would be temporary. Even setting aside the definition of PCIA in the Master Complaint, Greer knew or should have known

---

[23] MISS. CODE ANN. § 15–1–49(2). *See also Barnes*, 534 F.3d at 359–60.

[24] Doc. 11057 at 7. The Court notes that in a proposed amendment, Plaintiff Greer sought to add this allegation to her complaint: "Plaintiff first learned of any association of her hair's failure to grow back and TAXOTERE® /docetaxel on or around May of 2016 when her daughter saw advertisements concerning TAXOTERE® / docetaxel and permanent hair loss." Doc. 10668-6 at 6. The Court did not allow the amendment. *See* Doc. 11129.

[25] The Master Complaint alleges that "Plaintiffs are stigmatized with the universal cancer signifier—baldness—long after they underwent cancer treatment, and their hair loss acts as a permanent reminder that they are cancer victims." Doc. 4407 at ¶ 6.

[26] Sutherland v. Estate of Ritter, 959 So.2d 1004, 1008 (Miss. 2007).

[27] State Indus. Prod. Corp. v. Beta Tech. Inc., 575 F.3d 450, 455 (5th Cir. 2009) (quoting PPG v. Lowery, 909 So.2d 47, 51 (Miss. 2005)).

[28] *PPG*, 909 So.2d at 51.

5

six months after her treatment that something was amiss when her hair had not grown back as she expected.

Plaintiff quotes *PPG v. Lowery*, averring that "some plaintiffs may require access to medical records to discover the injury."[29] The *Lowery* court, however, found that the plaintiff there, Melissa Lowery, had knowledge of her injury based on the fact that she passed out and went to the emergency room:

> By her own admission, Lowery knew when, how and by whom she had been injured on the night of her acute exposure [to paint fumes]. The Court must consider Lowery's actions in determining whether she "knew" or "reasonably should have known" that she had suffered an injury. For instance, seeking medical attention for side effects or symptoms confirms that Lowery "knew" she was injured.[30]

The *Lowery* case, therefore, does not support Plaintiff's argument. The evidence in this case similarly confirms that Greer "knew" she was injured.[31] Greer complained to an oncologist that her hair was not growing back, and she spoke to family, friends, and her beautician about it.[32] Based on her actions, Greer cannot claim that she did not recognize her injury.

Greer appears to argue that her cause of action did not accrue until she realized that chemotherapy can cause permanent hair loss. Courts have expressly rejected this argument, reasoning that "[t]he firmest rebuke to this

---

[29] Doc. 11057 at 6 (quoting *PPG*, 909 So.2d at 51).
[30] *PPG*, 909 So.2d at 51.
[31] Regarding the level of knowledge that the law contemplates, the Mississippi Supreme Court has explained that the "focus is on the time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he *probably* has an actionable injury." *Id.* (emphasis in original).
[32] The Court specifically notes that Plaintiff does not allege that upon hearing her concerns, the oncologist told her that her hair loss was not permanent.

6

interpretation [of the discovery rule] is the language of the statute itself, which refers only to discovery of the injury, not to discovery of its cause."[33]

For these reasons, the Court finds that the discovery rule does not apply, and Greer's claim began to accrue at the time of her injury in April 2010.

The Court now turns to the doctrine of fraudulent concealment, which Greer has also invoked. Mississippi Code Annotated § 15-1-67 provides for tolling of the statute of limitations as follows:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.[34]

The Mississippi Supreme Court has held that a plaintiff seeking to avail herself of the doctrine of fraudulent concealment has "a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim," which act was designed to prevent the discovery of the claim, and "(2) due diligence was performed on [her] part to discover it."[35]

In her opposition, Plaintiff argues that Sanofi made "affirmative efforts to fraudulently conceal Taxotere's risk of permanent hair loss."[36] She points to allegations that Sanofi knew "of the propensity of their drugs to cause the

---

[33] *Barnes*, 534 F.3d at 360 (finding that statute of limitations began to run when plaintiff's mother was diagnosed with breast cancer, not when attorney discovered link between cancer and emissions from wood treatment plant near the mother's house). *See also* Pounds v. Rogersol, Inc., Civil Action No. 3:07–cv–554–WHB–LRA, 2009 WL 607429, at *5 (S.D. Miss. Mar. 5, 2009) (finding that the statute of limitations began to run when plaintiff's mother was diagnosed with leukemia, not when her mother learned that leukemia could have been caused by exposure to chemicals at work).
[34] MISS. CODE ANN. § 15-1-67. *See also* Robinson v. Cobb, 763 So.2d 883, 887 (Miss. 2000).
[35] Stephens v. Equitable Life Assur. Soc'y of U.S., 850 So. 2d 78, 83 (Miss. 2003).
[36] Doc. 11057 at 8.

7

injuries at issue in this MDL while concealing it from and/or failing to warn patients, health care professionals, the medical community, or the public in the U.S."[37] Plaintiff's argument misses the mark. To toll the statute of limitations under the doctrine of fraudulent concealment, Plaintiff would need to show that Sanofi prevented her from discovering her claim, not that Sanofi prevented her from discovering Taxotere's risk of permanent hair loss. As Sanofi notes, the law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both Greer's substantive claim and her claim for tolling.[38] Rather, Plaintiff would need to show a separate act "to conceal the underlying tortious conduct."[39] She points only to the underlying conduct. Because Plaintiff has failed to make the required showing, the doctrine of fraudulent concealment does not save her claims.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' Motion for Judgment on the Pleadings Based on the Statute of Limitations (Doc. 11010) is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 21st day of January, 2021.

---

[37] *Id.*
[38] Whitaker v. Limeco Corp., 32 So.3d 429, 438 (Miss. 2010) ("[S]howing false financial records could not serve to have both fraudulently induced the Plaintiffs and fraudulently concealed from the Plaintiffs the underlying fraud claim."); Smith v. First Family Financial Services, Inc., 436 F. Supp. 2d 836, 840–41 (S.D. Miss. 2006); Ross v. Citifinancial, Inc., 344 F.3d 458, 463–64 (5th Cir. 2003) ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations.").
[39] *See Smith*, 436 F. Supp. 2d at 840–41 (quoting Boone v. Citigroup, Inc., 416 F.3d 382, 390 n.11 (5th Cir. 2005).

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

9