# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740  SECTION: "H" (5) |
| **This document relates to:** Elizabeth Kahn, 16-17039 | ) ) ) | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination Pursuant to this Court's Daubert Ruling and Federal Rules of Civil Procedure 43 and 45 (Doc. 13058). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second trial is set for August 23, 2021.[2]

The instant Motion concerns the anticipated testimony of one of Sanofi's witnesses, Dr. Michael Kopreski, in the upcoming trial of the second bellwether

---

[1] Docetaxel is the generic version of Taxotere.
[2] The second trial was continued due to the COVID-19 pandemic.

plaintiff, Elizabeth Kahn ("Plaintiff"). Dr. Kopreski served as the head of oncology pharmacovigilance for Sanofi from 2005 to 2017. As such, Dr. Kopreski served as a 30(b)(6) witness for Sanofi to identify cases of "persisting alopecia" in patients from the "TAX 316" study.[3] In this capacity, Dr. Kopreski sat for multiple depositions and gave several hours of testimony. In the first bellwether trial, both parties presented his deposition testimony to the jury in lieu of live testimony as Dr. Kopreski resides in New Jersey—more than 100 miles from the Eastern District of Louisiana courthouse.

Now before the Court is Plaintiff's Motion to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination. In the Motion, Plaintiff emphasizes the importance of Dr. Kopreski's testimony to Sanofi's case and the prejudice she would suffer if forced to rely solely on his deposition testimony for cross examination. Accordingly, in the event that Sanofi plans to present Dr. Kopreski's testimony by deposition designation rather than by in-person direct examination, Plaintiff asks this Court to compel Sanofi to produce Dr. Kopreski for cross examination via live remote videoconference. Plaintiff argues that the Court has authority to compel his remote appearance pursuant to Federal Rules of Civil Procedure 43 and 45. Sanofi opposes.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 45(c)(1), a person may be commanded to attend trial by subpoena only if he is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

---

[3] The details and importance of the TAX 316 study can be found in this Court's Order and Reasons denying Plaintiff's Motion to Exclude Dr. Kopreski's Testimony. *See* Doc. 11332.

2

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.[4]

Federal Rule of Civil Procedure 43(a) further provides that:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Additionally, of relevance to the instant matter is the Advisory Committee Notes to Rule 45(c), which further remark that "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)."

## **LAW AND ANALYSIS**

In Plaintiff's Motion to Compel, Plaintiff contends that under Federal Rule of Civil Procedure 45, the Court can compel Sanofi to subpoena Dr. Kopreski to appear at a location within 100 miles from his home in New Jersey to testify remotely. As support, Plaintiff cites to several opinions in multidistrict litigation actions that have read Rules 43(a) and 45(c)(1) as allowing a party, for good cause and compelling circumstances, to compel a witness to testify by contemporaneous transmission from a location within 100 miles from his residence or within his state.[5] Plaintiff further argues that,

---

[4] FED. R. CIV. P. 45(c)(1)(A)–(B).
[5] *See* FED. R. CIV. P. 43(a), 45(c). *See, e.g.,* In re: 3M Combat Arms Earplug Prod. Liab. Litig., No. 3:19-MD-2885, 2021 WL 2605957, at *2 (N.D. Fla. May 28, 2021) ("[A]n overwhelming consensus of federal courts, including MDL courts, have held that Rules 43(a) and 45 should be read in tandem."); In re Actos (Pioglitazone) Prod. Liab. Litig., No. 12-CV-00064, 2014 WL 107153, at *10 (W.D. La. Jan. 8, 2014) ("For all the reasons discussed herein, this Court finds the Federal Rules of Civil Procedure specifically authorize a court to issue an order permitting contemporaneous transmission of live witness testimony as well as the issuance

3

under the five-factor test utilized in *In re Vioxx Production Liability Litigation*, good cause and compelling circumstances exist here to allow Dr. Kopreski to be examined by live video at trial.⁶

In response, Sanofi highlights that many courts have declined to read Rule 43 as expanding Rule 45's 100-mile limitation and have therefore held that "subpoenas for live video testimony under Rule 43 are subject to the same geographic limits as a trial subpoena under Rule 45."⁷ In accordance with these cases, Sanofi asks this Court to find that Dr. Kopreski cannot be subpoenaed to testify either in person or by video as he resides over 100 miles from the Eastern District of Louisiana. Alternatively, Sanofi asserts that Plaintiff's cited cases are otherwise distinguishable as they address the ability of a party to subpoena a witness for that party's case-in-chief—not the ability to compel

---

of a subpoena to compel such an appearance by a witness (within the location limits and under the conditions defined by Rule 45) for the purpose of the transmission of his or her contemporaneous testimony at trial, if the requirements included within both rules are heeded."); (In re Xarelto (Rivaroxaban) Prod. Liab. Litig., No. MDL 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) (Fallon, J.) ("As an initial matter, this Court points out that the Plaintiffs do not seek to compel Mr. Jalota to testify at a location beyond the 100-mile geographical reach contemplated in section (A). Plaintiffs instead have subpoenaed Mr. Jalota to testify in Newark, NJ, within 50 miles from his home and place of business. Accordingly, Plaintiffs' subpoena is within the bounds of section (A).").

⁶ In re Vioxx Prod. Liab. Litig., 439 F. Supp. 2d 640, 643 (E.D. La. 2006). The *Vioxx* court looked to: "(1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation." *Id.*

⁷ In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig., No. 17-MD-2785-DDC-TJJ, 2021 WL 2822535, at *3 (D. Kan. July 7, 2021) (quoting Black Card LLC v. Visa USA Inc., No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wyo. Dec. 2, 2020) (internal quotations omitted)). *See e.g.*, Roundtree v. Chase Bank USA, N.A., No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) ("Plaintiff attempts to avoid the geographic limits of FRCP 45(c) by arguing that trial testimony via live video link moves a trial to the physical location of the testifying person."); Lea v. Wyeth LLC, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("There is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power.").

the opposing party to do the same. Finally, in the event that this Court finds that Rule 45 allows for Dr. Kopreski's remote testimony, Sanofi argues that application of the *Vioxx* factors nevertheless weigh in Sanofi's favor.

As an initial matter, this Court acknowledges that courts are indeed divided as to whether a party may subpoena a witness to testify by contemporaneous transmission when that witness cannot be subpoenaed to testify in person, and there is not yet controlling precedent addressing this issue.[8] In reviewing the relevant case law, however, this Court finds Plaintiff's cited cases persuasive. Accordingly, this Court joins another section of this Court and at least two additional courts within the Fifth Circuit in holding that, for good cause and compelling circumstances and with the appropriate safeguards, Rule 45 is satisfied so long as the witness is not compelled to testify at a location beyond 100 miles from the witness's residence.[9]

Although this Court finds that Rules 43 and 45 would permit Plaintiff to compel the live testimony of Dr. Kopreski for good cause, this is not the relief that Plaintiff requests. Rather, Plaintiff seeks to compel *Sanofi* to subpoena Dr. Kopreski for Sanofi's case-in-chief, even though Dr. Kopreski is an unavailable witness and no longer under Sanofi's employ. The Court cannot grant this request.

As Sanofi correctly argues, Dr. Kopreski is an unavailable witness under Federal Rule of Civil Procedure 32(a)(4)(B). Under that Rule,

> (4) a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is

---

[8] *See In re Epipen*, 2021 WL 2822535, at *3–5 (examining the split amongst district courts in their interpretations of Rules 43 and 45).
[9] *See In re Xarelto,* No. MDL 2592, 2017 WL 2311719 (Fallon, J.); *In re Actos*, 2014 WL 107153; *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11–md–2244–K, 2016 WL 9776572, at *1–2 (N.D. Tex. Sept. 20, 2016).

outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.

As there is no substantive claim that Sanofi procured Dr. Kopreski's absence,[10] Rule 32(a)(4)(B) vests in Sanofi the right to use Dr. Kopreski's deposition for any purpose. Moreover, contrary to Plaintiff's assertions, Sanofi's designation of Dr. Kopreski as its 30(b)(6) representative does not alter the analysis.[11] This Court thus finds that Sanofi has a right to use Dr. Kopreski's deposition testimony in its case-in-chief. Accordingly, this Court will not compel Sanofi to command Dr. Kopreski's live testimony for Plaintiff's benefit on cross examination.

## **CONCLUSION**

For the foregoing reasons, Motion to Compel is **DENIED**.

New Orleans, Louisiana this 26th day of July.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiff generally argues that "it makes little sense [that Sanofi] can claim its corporate representative's unavailability, or that it may procure the company's unavailability to give direct/non-adverse testimony on which its experts rely and about which the Court has already determined robust cross-examination is appropriate." Doc. 13058-1 at 4. This argument alone, however, is insufficient for this Court to find that Sanofi "procured" Dr. Kopreski's absence in violation of Rule 32.

[11] *See* Scottsdale Ins. Co. v. Educ. Mgmt., Inc., No. CIV.A. 04-1053, 2007 WL 2127798, at *4 (E.D. La. July 25, 2007) ("As the plaintiff has demonstrated that any potential witness or corporate representative of Scottsdale is located more than 100 miles from this Court, Rule 32 would not serve to preclude Scottsdale from substituting the deposition of its corporate representative in lieu of live testimony.").