UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
ALL CASES

CASE MANAGEMENT ORDER NO. 33

**(Selection, Discovery, and Remand for Wave 1)**

In recognition of this MDL's mature posture entering its sixth year, the Court enters the instant Case Management Order to begin the orderly process of remanding cases to their appropriate trial courts.

This Order shall govern the selection and discovery for 200 cases to comprise Wave 1, which shall complete the below initial discovery process within the MDL, after which the Court will issue suggestion of remand with the Judicial Panel on Multidistrict Litigation.

**Wave 1 Case Selection**

1. Selection Method and Wave Size. Wave 1 shall consist of 200 cases selected as follows:

    Plaintiff selections: **50 cases.**

    Defendant selections: **50 cases.**

    Court selections: **100 cases** by random selection after applying criteria described in Paragraph 3.

1

2. <u>Selection Dates.</u> On **April 8, 2022**, the Court will provide the parties with a list of case names and numbers randomly selected from MDL Centrality.

    On **April 15, 2022**, the parties will provide each other and the Court with a list of the case names and numbers for their respective selections. No replacements or substitutions shall be made for cases selected.

3. <u>Eligibility Criteria.</u> The eligibility criteria for Wave 1 cases will be as follows:

    a. <u>Sanofi-only Product Identification.</u> Wave 1 is limited to plaintiffs whose Plaintiff Fact Sheet identifies only brand name Taxotere and/or Winthrop docetaxel in Section III(1-3). For example, cases selecting "yes" to both III(1) and III(2) may be included, so long as only Winthrop U.S. is selected in response to III(3). Plaintiffs must have single-defendant product identification to be eligible for the discovery Wave. Cases that select "Unknown" to III(1) or "Unknown" to III(3), and cases without responses to III(1) or III(3), also are ineligible for Wave 1.

    b. <u>Living Plaintiffs.</u> Cases involving deceased plaintiffs are ineligible for Wave 1.

    c. <u>Pre-2006.</u> Cases where a plaintiff's treatment took place on or before December 15, 2006 are ineligible for Wave 1. (Rec. Doc. 10487)

    d. <u>Post-2015.</u> Cases where a plaintiff's treatment took place on or after December 11, 2015 are ineligible for Wave 1. (Rec. Doc. 10464)

- e. <u>Photographs.</u> Party selected cases shall have photographs complying with Amended Pretrial Order No. 22 (Rec. Doc. 325) and Pretrial Order No. 68 (Rec. Doc. 1085).
- f. <u>Certain States.</u> Plaintiffs who were prescribed or administered Taxotere in Michigan are ineligible for Wave 1. (Rec. Doc. 12405). Plaintiffs who were prescribed or administered Taxotere in Louisiana, Mississippi, or Texas are ineligible for Wave 1.

4. <u>Exclusion Criteria.</u> The Court recognizes that Plaintiff Fact Sheet information on these criteria may be missing or mistaken. Cases where the Plaintiff Fact Sheet is missing or incomplete on the criteria set forth in Paragraph 3 may still be selected for Wave 1. However, these same criteria apply to cases after selection and are grounds for exclusion from the discovery pool. After an opportunity to review the selected cases, the parties shall meet and confer to determine whether the cases meet the above exclusion criteria. Each party reserves the right to challenge the selections on the eligibility criteria set forth in Paragraph 3.

In addition, while recognizing that the defendants have previously identified CMO 12A and photograph issues through prior show cause procedures, the Court also recognizes that certain criteria are not captured within MDL Centrality's PFS data. After selection, cases are subject to exclusion from Wave 1 due to the absence of CMO 12A and/or PTO 68 evidence as follows:

a. <u>CMO 12A, Single-Manufacturer Product Identification.</u> Wave 1 plaintiffs must have product identification as defined by CMO 12A (Rec. Doc. 3492). Plaintiffs' counsel must promptly reconcile the named defendants and proceed with dismissals of improper party-defendants in selected cases.

b. <u>Photograph Problems.</u> Cases without photographs complying with Amended Pretrial Order No. 22 (Rec. Doc. 325) and Pretrial Order No. 68 (Rec. Doc. 1085) may be ineligible for Wave 1 if, after an opportunity is given to cure the issue, the photographs supplied remain insufficient.

c. The parties shall confer regarding the product identification information for each case, photographs, and any concerns either party may have within 45 days of selection. If the parties cannot agree on whether the product identification or photographs supplied by plaintiff, for example, are sufficient,[1] the parties should promptly bring the issue to the Court. The Court's resolution of eligibility for the discovery Wave does not constitute adjudication of the sufficiency of evidentiary proof. Should the parties subsequently identify eligibility issues, they should routinely meet and confer on the same and submit them to this Court.

---

[1] Including whether evidence outside of CMO 12A constitutes sufficient proof of product identification.

4

5. <u>Discovery Parameters.</u> Discovery in Wave 1 cases shall consist of:

    a. <u>Updated Plaintiff Fact Sheet.</u> Selected plaintiffs must physically sign updated authorizations within 30 days of selection. Selected plaintiffs also must review and update, if necessary, the Plaintiff Fact Sheet pursuant to Pretrial Order Nos. 55 (Rec. Doc. 688), 38 (Rec. Doc. 326), and Amended 22 (Rec. Doc. 325) within 30 days of selection.

    Any update to the Plaintiff Fact Sheet must be verified.

    b. <u>Updated Defendant Fact Sheet.</u> Defendants shall review and update, if necessary, the Defendant Fact Sheet pursuant to Amended Pretrial Order No. 22 within 60 days of selection.

    c. <u>Written Discovery.</u> The parties cannot serve written discovery in Wave 1 cases at this time and without further leave.

6. <u>Depositions.</u> Up to four depositions in each case shall be allowed: (i) plaintiff, (ii) plaintiff's prescribing physician, (iii) plaintiff's treating physician, if any, and (iv) one (1) sales representative who called on plaintiff's "Healthcare Provider" as defined in the Defendant Fact Sheet prior to plaintiff's treatment.

7. <u>Order of Examination.</u> The plaintiff shall be allowed to examine half the doctors first and the defendants shall be allowed to examine half the doctors first. After both the parties' and the Court's selections are complete, the cases will be alphabetized by first last name (and first surname where applicable) and sequentially numbered, with plaintiffs going first in odd-numbered cases and defendants going first in even-numbered cases.

8. <u>Physician Depositions.</u> Pretrial Order No. 70B (Rec. Doc. 5256) allows for the *ex parte* scheduling of depositions by non-attorney staff. It remains in effect. All parties' prior objections to said Order and stated in defendants' Motion to Amend (Rec. Doc. 9109) are expressly preserved.

9. <u>Deadlines.</u> Provided the plaintiff timely updates her Plaintiff Fact Sheet[2] within 30 days of selection, the deposition discovery set forth in Paragraph 5 must be completed within seven (7) months. An individual plaintiff's failure to timely update the Plaintiff Fact Sheet within 30 days of selection shall toll all deadlines in this Case Management Order with respect to that plaintiff's case until the plaintiff has complied or the case is dismissed. The deadlines in this Order may be extended in a particular plaintiff's case by agreement of the parties or by the Court due to circumstances beyond the parties' control, such as pandemic circumstances, the failure of a third party medical provider to timely produce medical records, or the failure of a third party physician to timely appear for deposition.

**Dismissals**

10. Any plaintiff selected for Wave 1 may be removed within the first 30 days of selection by dismissal with prejudice. There shall be no replacement or substitution for Wave 1 cases. The provisions of Pretrial Order No. 54 (Rec. Doc. 671) otherwise remain in effect. The Court will address dismissals more

---

[2] Or, if plaintiff determines no update is necessary, counsel shall send an email to defendants at (TaxotereWave1@shb.com) that the Plaintiff Fact Sheet remains complete within the same 30-day deadline.

6

than 30 days after selection, if needed, after conferral by the parties. All dismissals of Wave 1 cases shall be with prejudice.

## Remand of Wave 1 Cases

11. After the close of the discovery period described in Paragraph 5 in Wave 1 cases, the Court shall promptly enter a suggestion of remand of those remaining cases to the appropriate venue for trial. The transferor court is presumed to be the venue identified in Paragraph 8 of each individual plaintiff's Short Form Complaint. Any party may object to the presumptive venue by filing an objection at any time prior to the Court's suggestion of remand or according to Federal or local venue rules in the transferor court. This Order is not intended to resolve any and all potential dispositive motions, fact or expert discovery, expert briefing, and/or pre-trial proceedings (designations, disclosures, objections, in limines, etc.) which shall remain subject to further orders from the transferor courts.

## Scope of the Order

12. This Order governs only those cases selected in Wave 1 and is neither binding nor precedential with respect to how the Court will proceed with respect to cases that are not selected in Wave 1, particularly in cases with different product identification.

New Orleans, Louisiana this 18th day of March, 2022.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7